United States District Court
Southern District of Ohio
Western Division

| | | |
|---|---|---|
| DeVosta Hart | :: | |
| 3749 Hermosa Drive | | |
| Dayton, Ohio 45416 | :: | Case No. 08-288 |
| | | |
| Plaintiff | :: | Judge |
| | | |
| vs. | :: | |
| | | |
| Weltman, Weinberg & Reis Co., L.P.A. | :: | Complaint Alleging Violation |
| c/o Alan Weinberg, Statutory Agent | | of the Fair Debt Collection |
| 323 W. Lakeside Ave., Ste 200 | :: | Practices Act; and The Ohio |
| | | Consumer Sales Practices Act |
| | :: | With Jury Demand |
| Cleveland, OH 44113 | | Endorsed Hereon |
| | :: | |
| And | | |
| | :: | |
| Andrew Sonderman | | |
| 179 S. Third St., Ste 900 | :: | |
| Columbus, OH 43215 | | |
| | :: | |
| | | |
| And | | |
| | :: | |
| Joseph D. DeGiorgio, Esq. | | |
| 3705 Marlane Drive | :: | |
| Grove City, OH 43123 | | |
| | :: | |
| Defendants | | |

_____

<u>Claim One</u>

<u>VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
(FILING OF THE COMPLAINT BY WELTMAN, WEINBERG & REIS CO., L.P.A.)</u>

<u>Jurisdiction</u>

1. This is a claim for actual and statutory damages brought by the Plaintiff, DeVosta Hart, for defendants' violations of the Fair Debt Collection Practices Act [hereinafter referred to as the "Act"], 15 U.S.C. § 1692, et seq., which expressly prohibits a debt collector from engaging in deceptive, unfair and unconscionable

1

debt collection practices.

2. Jurisdiction of this Court is invoked pursuant to 15 U.S.C. § 1640(e), 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

Parties

3. Plaintiff, DeVosta Hart, is a resident of Montgomery County, Ohio [hereinafter referred to as "plaintiff" and is a "consumer" as defined in the Act at 15 U.S.C. § 1692a.(3) who may or may not have been obligated to pay a debt which debt, if incurred, was primarily for household, family and personal purposes [hereinafter referred to as the "debt"].

4. Defendant, Weltman, Weinberg & Reis Co., L.P.A., [hereinafter referred to as "Weltman"] is a law firm engaged in the practice of collecting debts on behalf of the third parties such as defendant Capital One Bank (USA) NA (hereinafter referred to as "Capital One") and other creditors by filing civil collection suits from their principal offices in Cleveland, Ohio and other locations and, therefore, are "debt collectors", as the term is defined in the Act at 15 U.S.C. § 1692a.(6).

5. Defendant, Weltman, regularly engages in and transacts business in the State of Ohio through the use of the United States mails, telephone or other instrumentality of interstate commerce and are subject to the jurisdiction of this Court.

Factual Allegations

6. On October 6, 2005, the Plaintiff sought protection from his creditors by filing a voluntary Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the Southern District of Ohio (hereinafter "United States Bankruptcy Court), at Dayton (Case No. 05 BK 41854).

7. In the schedules filed with the petition in this case and on the master mailing matrix filed with the United States Bankruptcy Court, a debt was listed in favor of Capital One Bank. Represented by WW&R, which was an unsecured consumer debt in the amount of $24,115.70.

8. On November 23, 2005, the Plaintiff's 341(a) Meeting of Creditors was held at the United States Bankruptcy Court in Dayton, Ohio.

9. On February 7, 2006, the Plaintiff was granted a discharge of all dischargeable debts pursuant to 11 U.S.C. § 524. The Plaintiff alleges that this was a consumer debt, that the debtor was a consumer, and that the bankruptcy discharge included this consumer debt to Capital One Bank.

10.  On April 1, 2008, Plaintiff was served with a lawsuit filed by Defendant, Weltman Weinberg & Reis Co., L.P.A., on behalf of Capital One Bank in an attempt to collect by legal process this discharged debt.

11.  The complaint not only misnames the debtor despite their own exhibits to the contrary but also alleges that the principal amount of the debt owed by the plaintiffs was $21,871.63 plus various assessments of accrued interest as of January 4, 2008 in the amount of $6663.03 on the account plus costs which is approximately equal to the amount listed on the Bankruptcy Petition.

12.  The actions of the Defendant as alleged herein are acts in violation of the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692 *et seq*. The Plaintiff has been severely agitated, annoyed, traumatized, emotionally damaged, and has otherwise been unduly inconvenienced by the actions of the Defendant.

CLAIM TWO

VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
(FILING OF THE COMPLAINT BY ANDREW SONDERMAN)

Jurisdiction

13.  This is a claim for actual and statutory damages brought by the plaintiff, DeVosta Hart, for defendants' violations of the Fair Debt Collection Practices Act [hereinafter referred to as the "Act"], 15 U.S.C. § 1692, et seq., which expressly prohibits a debt collector from engaging in deceptive, unfair and unconscionable debt collection practices.

14.  Jurisdiction of this Court is invoked pursuant to 15 U.S.C. § 1640(e), 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

Parties

15.  The parties are the same as those alleged in claim one.

16.  Defendant, Andrew Sonderman, [hereinafter referred to as "Mr. Sonderman"], is an attorney licensed to practice law in the State of Ohio and is employed with Defendant, Weltman.

17.  Defendant, Mr. Sonderman, regularly engages in and transacts business in the State of Ohio through the use of the United States mails, telephone or other instrumentality of interstate commerce and are subject to the jurisdiction of this Court.

3

<u>Factual Allegations</u>

18.  Plaintiffs hereby incorporate each and every allegation of claim one as if fully rewritten herein.


19.  The complaint in this case was filed by the defendant, Mr. Sonderman, who was employed by and working at the direction of Defendant, Weltman, representing Capital One.

20.  The actions of the Defendant as alleged herein are acts in violation of the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692 *et seq*. The Plaintiff has been severely agitated, annoyed, traumatized, emotionally damaged, and has otherwise been unduly inconvenienced by the actions of the Defendant.


<u>CLAIM THREE</u>
<u>VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT</u>
<u>(FILING THE NOTICE OF DISMISSAL WITH PREJUDICE BY</u>
<u>WELTMAN, WEINBERG & REIS CO., L.P.A.)</u>


<u>Jurisdiction</u>

21.  This is a claim for actual and statutory damages brought by the Plaintiff for defendants' violations of the Fair Debt Collection Practices Act [hereinafter referred to as the "Act"], 15 U.S.C. § 1692, et seq., which expressly prohibits a debt collector from engaging in deceptive, unfair and unconscionable debt collection practices.


22.  Jurisdiction of this Court is invoked pursuant to 15 U.S.C. § 1640(e), 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

<u>Parties</u>

23.  The parties are the same as those alleged in claims one and two.


<u>Factual  Allegations</u>

24.  Plaintiffs hereby incorporate each and every allegation of claims one and two as if fully rewritten herein.


25.  April 25, 2008, Defendant Weltman, Weinberg & Reis Co., L.P.A., filed a Notice of Dismissal with Prejudice in Montgomery County Court of Common Pleas. The Defendant falsely asserted that the parties had reached a settlement agreement.  This was a false statement made to a third party in connection with the collection of a debt.

26.   The actions of the Defendant as alleged herein are acts in violation of the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692 *et seq*. The Plaintiff has been severely agitated, annoyed, traumatized, emotionally damaged, and has otherwise been unduly inconvenienced by the actions of the Defendant.

CLAIM FOUR
VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
(FILING THE NOTICE OF DISMISSAL WITH PREJUDICE BY JOSEPH
DEGIORGIO)

Jurisdiction

27.  This is a claim for actual and statutory damages brought by the Plaintiff for defendants' violations of the Fair Debt Collection Practices Act [hereinafter referred to as the "Act"], 15 U.S.C. § 1692, et seq., which expressly prohibits a debt collector from engaging in deceptive, unfair and unconscionable debt collection practices.

28.  Jurisdiction of this Court is invoked pursuant to 15 U.S.C. § 1640(e), 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

Parties

29.  The parties are the same as those alleged in claims one through three.

30.  Defendant, Joseph D. DeGiorgio, [hereinafter referred to as "Mr. DeGiorgio"], is an attorney licensed to practice law in the State of Ohio and is employed with Defendant, Weltman.

31.  Defendant, Mr. DeGiorgio, regularly engages in and transacts business in the State of Ohio through the use of the United States mails, telephone or other instrumentality of interstate commerce and are subject to the jurisdiction of this Court.

Factual Allegations

32.  Plaintiffs hereby incorporate each and every allegation of claim one through three as if fully rewritten herein.

5

33.  On April 25, 2008, Defendant Joseph DeGiorgio, filed a Notice of Dismissal with Prejudice in Montgomery County Court of Common Pleas. The Defendant falsely asserted that the parties had reached a settlement agreement. This was a false statement made to a third party in connection with the collection of a debt.

34.  The actions of the Defendant as alleged herein are acts in violation of the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692 *et seq*. The Plaintiff has been severely agitated, annoyed, traumatized, emotionally damaged, and has otherwise been unduly inconvenienced by the actions of the Defendant.

<u>CLAIM FIVE</u>
<u>VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT</u>
<u>(FILING OF THE MOTION TO CORRECT THE RECORD BY</u>
<u>WELTMAN, WEINBERG & REIS CO., L.P.A.)</u>

<u>Jurisdiction</u>

35.  This is a claim for actual and statutory damages brought by the Plaintiff for defendants' violations of the Fair Debt Collection Practices Act [hereinafter referred to as the "Act"], 15 U.S.C. § 1692, et seq., which expressly prohibits a debt collector from engaging in deceptive, unfair and unconscionable debt collection practices.

36.  Jurisdiction of this Court is invoked pursuant to 15 U.S.C. § 1640(e), 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

<u>Parties</u>

37.  The parties are the same as those alleged in claim one through four.

<u>Factual Allegations</u>

38.  Plaintiffs hereby incorporate each and every allegation of claim one through four as if fully rewritten herein.

39.  In April 2008, Defendant Weltman, filed a Motion to Correct the Record on the grounds that the Notice of Dismissal was filed in error. They assert that in order to liquidate the judgment against the assets of Plaintiff, the Court should remove the Notice of Dismissal and return the case to the active docket. This was a false statement made to a third party in connection with the collection of a debt.

40.  On May 14th, 2008 the Motion to Correct the Record was granted and the case returned to the active docket.

41.  The actions of the Defendant as alleged herein are acts in violation of the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692 *et seq*. The Plaintiff has been severely agitated, annoyed, traumatized, emotionally damaged, and has otherwise been unduly inconvenienced by the actions of the Defendant.

CLAIM SIX

VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
(FILING OF THE MOTION TO CORRECT THE RECORD BY JOSEPH DEGIORGIO)

Jurisdiction

42.  This is a claim for actual and statutory damages brought by the Plaintiff for defendants' violations of the Fair Debt Collection Practices Act [hereinafter referred to as the "Act"], 15 U.S.C. § 1692, et seq., which expressly prohibits a debt collector from engaging in deceptive, unfair and unconscionable debt collection practices.

43.  Jurisdiction of this Court is invoked pursuant to 15 U.S.C. § 1640(e), 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

Parties

44.  The parties are the same as those alleged in claim one through five.

Factual Allegations

45.  Plaintiffs hereby incorporate each and every allegation of claim one through five as if fully rewritten herein.

46.  In April 2008, Defendant Joseph DeGiorgio, filed a Motion to Correct the Record on the grounds that the Notice of Dismissal was filed in error. He asserts that in order to liquidate the judgment against the assets of Plaintiff, the Court should remove the Notice of Dismissal and return the case to the active docket. This was a false statement made to a third party in connection with the collection of a debt.

47.  On May 14th, 2008 the Motion to Correct the Record was granted and the case returned to the active docket.

48.   The actions of the Defendant as alleged herein are acts in violation of the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692 *et seq*. The Plaintiff has been severely agitated, annoyed, traumatized, emotionally damaged, and has otherwise been unduly inconvenienced by the actions of the Defendant.

### Claim Seven

### DAMAGES UNDER STATE LAW

### Jurisdiction

49.      This claim is made pursuant to the *Ohio Consumer Sales Practices Act,* [hereinafter referred to as the "Act"], O.R.C. § 1345.01.01 et seq.

50.      The jurisdiction of this Court is invoked pursuant to the principles of pendent or ancillary jurisdiction in that the claim herein arose out-of the same basic facts which gave rise to the federal claim.

### Parties

51.      The parties are the same as those alleged in claims one through four.

52.      Plaintiff is a  "consumer" as defined in the "Act" at O.R.C. §1345.01 D).

53.      Defendants are "suppliers" as defined in the "Act" at O.R.C. § 1345.01 (C) in that, subsequent to the consummation of a consumer transaction, defendants engaged in the conduct of attempting to collect a debt.

### Legal Allegations

54.       Plaintiff hereby incorporates each and every allegation of claims one through six as if fully rewritten herein.

55.       Defendants have engaged in the following unfair, deceptive and unconscionable debt collection practices in violation of the Act as follows:

(A)  The Ohio Consumer Sales Practices Act prohibits "suppliers" from "commit[ting] unfair or deceptive practice[s]" or "unconscionable act[s] or practice[s] in connection with a consumer transaction." R.C. 1345.02 and 1345.03. A supplier is defined as "a seller, lessor, assignor, franchisor, or other person engaged in the business of effecting or soliciting consumer transactions, whether or not the person deals directly with the consumer." R.C. 1345.01(C). "A person retained to collect, or attempt to collect upon claims of debt arising from a consumer transaction is a `supplier' as defined by R.C. 1345.01(C)." Gatto v. Frank Nero Auto Lease, Inc. (April 8, 1999), 8th Dist. No. 74894, 1999 Ohio App. LEXIS 1571, at *8; Celebrezze v. United Research, Inc. (1984), 19 Ohio App.3d 49, at paragraphs two and three of the syllabus.

(B)  "Numerous cases have held that various violations of the [Fair Debt Collection Practices Act] constitute a violation of the [Consumer Sales Practices Act]. *** Since the underlying purpose of the [Fair Debt Collection Practices Act] is to prohibit `abusive, deceptive and unfair debt collections practices,' the purpose of both acts is to prohibit both unfair and deceptive acts and *** any violation of any one of the enumerated sections of the [Fair Debt Collection Practices Act] is necessarily an unfair and deceptive act or practice in violation of R.C. § 1345.02 and/or § 1345.03." Becker v. Montgomery, Lynch (N.D.Ohio 2003), Case No. 1:02CV 874, 2003 U.S. Dist. LEXIS 24992, at *6-*7; Hartman, 2004 U.S. Dist. LEXIS 24845, at *28.

(C)      In the present case, the basis of the liability of each defendant under State Law under the Consumer Sales Practices Act is a violation of the Fair Debt Collection Practices Act, i.e. "falsely representing that a debt was owed when it was already discharged in a prior bankruptcy , which is taking action in violation of Federal Law, and actually taking action, i,e, filing suit and filing a motion to return a dismissed suit to the active docket,  in violation of the discharge injunction.

(D) It is, therefore, not necessary to establish a "separate basis" for violation of the Consumer Sales Practices Act, as the same conduct is a violation of Federal and State Statutes, and separate penalties are provided for the same conduct. (see D.A.N. Joint Venture III, L.P. v. Armstrong, 2007-Ohio-898


56. Plaintiffs are entitled to statutory damages, costs and reasonable attorneys fees for each violation proved.

<u>Claim Eight</u>

<u>PERMANENT INJUNCTION AND DECLARATORY RELIEF</u>

<u>Jurisdiction</u>

57.      This claim is made pursuant to the *Ohio Consumer Sales Practices Act,* [hereinafter referred to as the "Act"], O.R.C. § 1345.01.01 et seq.

58.	The jurisdiction of this Court is invoked pursuant to the principles of pendent or ancillary jurisdiction in that the claim herein arose out-of the same basic facts which gave rise to the federal claim.

<u>Parties</u>

59.	The parties are the same as those alleged in claims one through six.

60.	Plaintiff is a "consumer" as defined in the "Act" at O.R.C. §1345.01

(D).

61.	Defendants are "suppliers" as defined in the "Act" at O.R.C. § 1345.01 (C) in that, subsequent to the consummation of a consumer transaction, defendants engaged in the conduct of attempting to collect a debt.

<u>Allegations</u>

62.	Plaintiff hereby incorporates each and every allegation of claims one through seven as if fully rewritten herein.

63.	Unless defendants are enjoined and restrained from continuing the foregoing illegal practices, plaintiff will suffer substantial and irreparable injury.

64.	Plaintiff has no adequate remedy at law.

65.	Plaintiff is entitled to both declaratory and injunctive relief pursuant O.R.C. § 1345.09(D).

<u>Prayer for Relief</u>

Plaintiff prays for the following relief:

(A)	in claims  one and two, for a judgment against defendants for statutory damages;

(B)	in claims one and two for reimbursement of or payment for reasonable attorney fees incurred by counsel for the plaintiff in connection with the successful prosecution of this claim;

(C)	in claims one and two for reimbursement for all costs and

expenses incurred in connection with the successful prosecution of this claim;

(D)        in claims three and four for a judgment for statutory damages;

(E)        in claims three and four for reimbursement of or payment for reasonable attorney fees incurred by counsel for the plaintiff in connection with the successful prosecution of this claim;

(E)         in claims  five and six for a judgment against defendants for statutory damages;

(F)        in claims five and six for reimbursement of or payment for reasonable attorney fees incurred by counsel for the plaintiffs in connection with the successful prosecution of this claim;

(G)        in claims five and six for reimbursement for all costs and expenses incurred in connection with the successful prosecution of this claim;

(H)        in claim seven, statutory damages of $2,000 each against Weltman Weinberg & Reis, Andrew Sonderman, and Joseph DeGiorgio.

(I)        in claim seven, for a declaration that the conduct of the defendants is in violation of the Ohio Consumer Sales Practices act.

(J)        in claim seven for the issuance of an injunction permanently restraining defendants from engaging in the conduct described herein within the State of Ohio and prohibiting defendants from engaging in the collection of debts within the state of Ohio until and unless it consents to a judgment wherein it formally acknowledges the unlawfulness of its conduct and agrees to permanently refrain from such conduct in the future;

(K)        in claim seven, for reimbursement of or payment for reasonable attorney fees incurred by counsel for the plaintiff in connection with the successful prosecution of this claim;

(L)        in claim seven, for reimbursement for all costs and expenses incurred in connection with the successful prosecution of this claim;

(M)        in all claims for a trial by jury on all appropriate issues;

and,

(N)        for any and all other relief this Court may deem

appropriate.

Respectfully submitted by:

/s/Richard E. West
Richard E. West  (#0033319)
Attorney for Plaintiff
195 East Central Avenue,
P.O. Box 938
Springboro, Ohio 45066
Phone:  (937) 748-1749
Fax: (937) 748-9552
Email:  rew@richardwestattorney.com